UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CR-24-KAC-DCP |
| ) | |
| VICTOR BTESH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Victor Btesh's Motion for International Travel [Doc. 48], filed on June 30, 2022, asking the Court to permit him to travel with his family to Israel in the latter half of January 2023 for his stepson's Bar Mitzvah. Defendant states that he is in compliance with all conditions of his pretrial release and has traveled out of state with his family without incident three times with the permission of his supervising United States Probation Officer. Defendant notes the low percentage of defendants on pretrial release who fail to appear as required and the religious significance of this trip to his family. Defendant's supervising officer takes no position on the proposed travel, which is opposed by the Government [Doc. 49].

The parties appeared by video teleconference for a hearing on this motion on July 5, 2022. Assistant United States Attorneys Kevin Culum, Robert Jacobs, and William Roach, Jr., appeared on behalf of the Government. Attorneys Cullen M. Wojick and Joshua D. Hedrick represented Defendant Btesh, who also appeared by video.[1] The Court heard the arguments of

---
[1] The Court substituted new retained counsel, Attorneys Donald A. Bosch and Ann C. Short, on August 17, 2022 [Doc. 61].

the parties and took the matter under advisement. Based upon the record in this case, as well as the parties' arguments, the undersigned declines to permit the Defendant to travel to Israel.

A brief review of the procedural history of Defendant Btesh's case is appropriate and relevant to this determination. Defendant Btesh states he learned of the Government's investigation when he was interviewed by agents on October 29, 2019 [Doc. 48 p. 1]. According to Defendant, he received a target letter in November 2021 [*Id.* at 1–2]. The Grand Jury returned the Indictment in this case on March 16, 2022 [Doc. 1]. Defendant Btesh first appeared by video for an initial appearance and arraignment on May 10, 2022 [Doc. 25, Minutes]. At that hearing, the parties agreed to conditions of release, including that Defendant's travel is restricted to the Eastern and Southern District of New York and the Eastern District of Tennessee (for court purposes and attorney visits only), unless Defendant gets permission from the United States Probation Office ("USPO") to travel outside of these areas [Doc. 27 p. 2]. Defendant was also required to surrender his passport to the USPO [*Id.*].

In its response and at the July 5, 2022 hearing, the Government argued that Defendant has limited assets, which may be encumbered by ongoing litigation with Empire Discovery LLC for failure to pay $17,964.55 for litigation support services and by a $483,293 lien against Defendant's business, Hot Records, which is not a party to this case [Docs. 49 p. 3, 49-1, & 49-2]. On July 6, 2022, Defendant supplemented the record with a document showing the litigation with Empire Discovery LLC was withdrawn on May 20, 2022 [Doc. 51-1]. The Court directed the Government to respond to whether the lien in the *Hot Records* case remains outstanding and whether that lien is lodged against Defendant's home or any business property at issue in this case [Doc. 52]. The Government responded that the outcome of the *Empire Discovery* litigation does not change Defendant's risk of flight because he still has significant debt and will be

traveling with his entire family [Doc. 54].  Defendant filed a reply, stating the Government had failed to address the Court's questions regarding the lien [Doc. 55].  The Government filed a second response to the supplement, stating that the $483,293 lien against Defendant and his former businesses Hot Records, Inc., and Hot Records LLC (both of which are now dissolved) remains outstanding [Doc. 56 p. 1].  The Government has not located any real property owned by Defendant Btesh to which the lien could attach [*Id.*].

The Bail Reform Act requires that, if the Court determines that conditions are necessary in order to reasonably assure the defendant's appearance and the safety of the community or another person, the Court shall order the defendant to be released pretrial subject to the condition that the defendant not commit another offense and "subject to the *least restrictive* further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(c)(1)(A)-(B) (emphasis supplied).  The condition that an individual abide by travel restrictions is one of the possible conditions provided by the statute. 18 U.S.C. § 3142(c)(1)(B)(iv).

Here, the Court has determined that restricting Defendant's travel to the Eastern and Southern Districts of New York and the Eastern District of Tennessee, for court purposes only, is a necessary condition to assure Defendant Btesh's appearance for further proceedings in this case.  Defendant's sole ties to this district appear to be related to the allegations in the Indictment.  Moreover, the Court shares the Government's concerns that the proposed travel to Israel with his entire family would eliminate the Defendant's primary tie to the Eastern District of New York and this country.  Defendant's Pretrial Services Report indicates that he has

3

traveled internationally to Sweden, Denmark, Czech Republic, Israel, Mexico, and Spain. His most recent international travel was to Israel three years ago.

Defendant argues that he has no ties or employment in Israel, has complied with all the conditions of his release to date, and has traveled outside of New York and returned. The Court, however, notes that Defendant faces significant debts, has no apparent assets, and is facing a significant term of imprisonment, if convicted.[2] Based upon his previous travels, Defendant has potential contacts outside of the United States, including in Israel. The Court finds the proposed travel would require removal of necessary conditions restricting his travel and possession of a passport, thereby creating the risk that he would not appear for trial and further proceedings in this case. Accordingly, Defendant's Motion for International Travel [**Doc. 48**] is **DENIED**. The Court notes that it does not restrict Defendant's participation in his stepson's Bar Mitzvah whether by video if it occurs in Israel or in person if it occurs in the Eastern District of New York.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[2] In an interview with a United States Probation Officer on April 28, 2022, Defendant reported having no assets and some debts.