# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

United States of America
v.
Victor Btesh

Case No: 3:22-cr-24-1

USM No: 43748-510

Date of Original Judgment: 8/23/2023
Date of Previous Amended Judgment:

Bobby E. Hutson, Jr.
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.    ☐ GRANTED and the defendant's previously imposed sentence of imprisonment of _____ months **is reduced to** _____.

Please see the attached analysis.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 10/7/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

KATHERINE A. CRYTZER, United States District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:22-CR-24-KAC-DCP-1 ) |
| VICTOR BTESH, | ) ) |
| Defendant. | ) |

## **ANALYSIS**

Before the Court is Defendant Victor Btesh's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 185]. On August 23, 2023, the Court sentenced Defendant to eighteen (18) months' imprisonment for a price fixing conspiracy, in violation of 15 U.S.C. § 1 [Doc. 171 at 1-2]. On December 6, 2023, Defendant filed the instant motion, asking the Court to reduce his term of imprisonment from eighteen (18) months to twelve (12) months and one (1) day under 18 U.S.C. § 3582(c)(2) [Doc. 185 at 3]. The Court appointed counsel under Standing Order 24-05, and counsel determined that "no additional pleadings will be filed at this time" [Doc. 188 at 1]. On June 17, 2024, the United States responded in opposition, arguing that Defendant is ineligible for relief because he "has not satisfied all the criteria in U.S.S.G. § 4C1.1" [*See* Doc. 190 at 1, 4].

On August 2, Defendant filed a "Response to the Government's Opposition" [Doc. 192], challenging certain factual statements the United States made in its response and reiterating his request for a sentence reduction [Doc. 192 at 1-2]. The Court ordered the United States to respond [Doc. 193], and the United States did so, reasserting that Defendant is ineligible for a sentence reduction [*See* Doc. 194 at 1]. The matter was fully briefed on August 14, 2024 [*See id.*].

Generally, a district court "does not have the authority to change or modify [a] sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013). 18 U.S.C. § 3582(c)(2) provides that if "a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," then "the Court may reduce the term of imprisonment, after considering" the relevant 18 U.S.C. § 3553(a) factors and the "applicable [Sentencing Commission] policy statements." 18 U.S.C. § 3582(c)(2). However, the "decision whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010).

In 2023, the Sentencing Commission promulgated Amendment 821 to the United States Sentencing Guidelines and voted to apply Parts A and B of Amendment 821 retroactively. *See* U.S.S.G. § 1B1.10(d). Under the relevant Sentencing Commission policy statement, to determine if a reduced sentence is warranted, the Court must first "determine the amended guideline range that would have applied to the defendant" if Amendment 821 "had been in effect at the time the defendant was sentenced." *Id.* § 1B1.10(b)(1). The Court must initially "leave all other guideline applications unaffected." *Id.*

As is relevant here, Amendment 821 added Section 4C1.1 to the Guidelines. That Section authorizes a two-level reduction in offense level if a defendant meets certain criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

3

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
***(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.***

*Id.* § 4C1.1(a) (emphasis added).

Here, Defendant fails to meet all of Section 4C1.1(a)(10)'s requirements [Doc. 155 ¶ 36, *sealed]. Defendant received a four-level adjustment under Section 3B1.1(a) for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" [*See id.*]. Defendant argues that this adjustment alone does not disqualify him under Section 4C1.1 because he was not also engaged in a "continuing criminal enterprise" as defined in 21 U.S.C. § 848 [*See* Doc. 185 at 3]. Defendant essentially argues that Section 4C1.1(a)(10)'s use of the word "and" permits a defendant to obtain relief so long as he did not (1) receive a Section 3B1.1 adjustment ***and*** (2) engage in a qualifying continuing criminal enterprise [*See id.*]. Because Defendant only received a Section 3B1.1 adjustment and was not engaged in a continuing criminal enterprise, he argues that he meets Section 4C1.1(a)(10)'s requirements [*See id.*].

The United States Court of Appeals for the Sixth Circuit has not determined whether "and" in Section 4C1.1(a)(10) creates two (2) independent requirements for a defendant seeking Amendment 821 Part B relief or one (1) joint requirement. The Sixth Circuit, however, in construing a functionally identical provision in the Guidelines—Section §5C1.2(a)(4)—has held that a defendant who cannot satisfy either portion of the text is ineligible for relief.

4

*See United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). Section 5C1.2(a)(4) allows a court to sentence a defendant under the relevant statutory mandatory minimum if "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines[1] and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. §5C1.2(a)(4). *Bazel* held that Section 5C1.2(a)(4)'s text set forth two separate and independent requirements to obtain relief. *See Bazel*, 80 F.3d at 1142 (internal quotations omitted). That is, a defendant who receives a Section 3B1.1 adjustment for being an "organizer, leader, manager, or supervisor" cannot satisfy "one of the findings necessary" to obtain relief. *See id.*

*Bazel*'s reasoning is persuasive. Like Defendant here, the defendant in *Bazel* argued that "and" in Section 5C1.2(a)(4) required proof that the defendant did not receive a Section 3B1.1 adjustment and was not engaged in a continuing criminal enterprise to preclude relief. *See id.* But the Sixth Circuit explained that the statute "is phrased in terms of what the defendant must show was not true of him." *See id.* Similarly, Defendant here must "meet[] all of" the Section 4C1.1 criteria. *See* U.S.S.G. §4C1.1. Reading Section 4C1.1(a)(10) in this way also comports with recent Supreme Court precedent. *See Pulsifer v. United States*, 601 U.S. 124, 141-42 (2024) (interpreting "and" in an "eligibility checklist" to "join[] several individually necessary conditions" that a defendant must individually satisfy before obtaining relief). Defendant's argument thus fails because he received "an adjustment under §3B1.1" for being "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive" [*See* Doc. 155 ¶ 36]. Accordingly, he cannot obtain a sentence reduction under Amendment 821 Part B.

---

[1] Section 3B1.1(a).